```
                   United States District Court
                     District of Massachusetts
 _____
                               )
Genezaret Castillo,            )
                               )
        Plaintiff,             )
                               )
        v.                     )
                               )   Civil Action No.
Andrew Saul, Commissioner of the)  19-01456-NMG
Social Security Administration,)
                               )
        Defendant.             )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Genezaret Castillo ("Castillo" or "plaintiff") filed this action appealing the denial of her application for disability benefits against Andrew Saul, Commissioner of the Social Security Administration ("the Commissioner" or "defendant"). Castillo alleges that she was improperly denied disability insurance benefits and that the decision of the presiding administrative law judge ("ALJ") was erroneous and unsupported by substantial evidence. For the reasons that follow, the Commissioner's decision will be affirmed.

## I.   Background

### A.   Employment History and Alleged Disability

Castillo was 40 years old at the time of her alleged onset date of May 24, 2014.  She claims disability due to numerous impairments, including positional vertigo and degenerative disc disease at lumbar spine status-post neurosurgery, fibromyalgia, right shoulder degenerative joint disease, hypertension, hypothyroidism, diabetes mellitus type 2, gastroesophageal reflux disease, obesity level II, rosacea, osteopenia, anxiety and major depressive disorder.

Castillo's employment history includes work as a medical secretary in 2005 and 2006, a school secretary from 2006 to 2011 and a special education assistant from 2011 to 2014.  She has not engaged in substantial gainful activity since the alleged onset date.

Castillo also avers that she is unable to communicate in English.

### B.   Procedural Background

In January, 2015, Castillo filed an application for Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act ("the Act") alleging disability and inability to work.  In June, 2015, the Commissioner denied her

application and reaffirmed his decision after reconsideration in August, 2015.

Thereafter, Castillo filed a request for a hearing which was granted and held by videoconference in April, 2018, before ALJ Viera-Vargas. Castillo was represented by counsel and an impartial vocational expert ("the VE") also appeared at the hearing. In May, 2018, the ALJ found that Castillo was not disabled as defined in 42 U.S.C. §§ 416(i) and 423(d) ("the Decision").

Castillo filed a timely request for review with the Appeals Council, claiming that the Decision was not supported by the evidence of record. In March, 2019, the Appeals Council denied Castillo's request for review, effectively rendering the Decision final.

After exhausting all administrative remedies, Castillo filed the instant action in the United States District Court for the District of Puerto Rico on May 14, 2019. Pursuant to the designation of Chief Judge Jeffrey R. Howard of the First Circuit Court of Appeals, the case was transferred to this Court in April, 2020.

C.  **The Regulatory Framework**

To obtain benefits under § 223 of the Act, an individual must demonstrate that she is unable

> to engage in any substantial gainful activity by
> reason of any medically determinable physical or
> mental impairment which can be expected to result in
> death or which has lasted or can be expected to last
> for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).

The impairment must be of such severity that the claimant is not only unable to continue her previous work but also unable to engage in other kinds of substantial work that exist in the national economy fitting her age, education and work experience. 42 U.S.C. § 423(d)(2)(A).

To determine whether an individual is disabled, the ALJ determines whether 1) the claimant is engaging in "substantial gainful activity", 2) the claimant has a severe medically determinable impairment, 3) the impairment is equivalent to an impairment enumerated in the Code of Federal Regulations, 4) the claimant's residual functional capacity ("RFC") meets the requirements of her previous work and 5) the claimant can perform other work given her RFC, age, education and work experience. 20 C.F.R. § 404.1520(a)(4)(i)-(v).

Furthermore, the ALJ must determine whether the claimant meets the insured status requirements of 42 U.S.C. §§ 416(i) and 423. Castillo's earning records showed that she acquired sufficient quarters of coverage to remain insured through December 31, 2019.  Therefore, Castillo is required to establish

disability on or before the date last insured to be entitled to a period of disability and disability insurance benefits. See 42 U.S.C. § 423(a)(1)(A) & (c)(1).

**D.   The ALJ's Decision**

The ALJ found that Castillo was not disabled and therefore not entitled to disability insurance benefits.  The Decision was supported by written evidence and testimony from Castillo and the VE.

At step one, the ALJ found that Castillo had not engaged in "substantial gainful activity" since her alleged onset date.  At step two, the ALJ found that Castillo had the following severe physical impairments: 1) positional vertigo and degenerative disc disease at lumbar spine status-post neurosurgery and 2) fibromyalgia.  At step three, the ALJ found that Castillo did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1.

At step four, the ALJ concluded that Castillo had the RFC to perform "light work," as defined in 20 C.F.R. § 404.1567(b), with exceptions.  According to the ALJ, Castillo could lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently.  Furthermore, Castillo could sit for six hours, stand and walk for three hours in an eight-hour workday and

occasionally operate foot controls, bilaterally. Due to her limitations, Castillo could never climb ladders, ropes or scaffolds or work at unprotected heights, but she could frequently climb ramps and stairs, kneel and occasionally balance, stoop, crouch and crawl. Accordingly, the ALJ found that Castillo was capable of meeting the requirements of her past work as a medical secretary and school secretary, and therefore, Castillo was not disabled.

Although an analysis of step five was not required under the circumstances, the ALJ provided alternative findings concluding that Castillo was capable of performing other jobs in the national economy. In reaching that conclusion, the ALJ considered Castillo's age, education, work experience and RFC in conjunction with the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2. Because Castillo had the RFC to perform all or substantially all of the requirements of "light work," the ALJ found that Castillo was not disabled under the Act. The Appeals Council denied Castillo's request for review of the Decision.

## II. Social Security Disability Insurance Appeal

### A. Legal Standard

The Act gives United States District Courts ("District Courts") the power to affirm, modify or reverse an ALJ's

decision or to remand the case for a rehearing. 42 U.S.C. § 405(g). A District Court's review of an ALJ decision is not, however, de novo. See Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981). The Act provides that the findings of the Commissioner are conclusive if 1) they are "supported by substantial evidence" and 2) the Commissioner has applied the correct legal standard. See 42 U.S.C. § 405(g); Seavey v. Barhart, 276 F.3d 1, 9 (1st Cir. 2001). If those criteria are satisfied, the Court must uphold the Commissioner's decision even if the record could justify a different conclusion. Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1987). Substantial evidence means evidence "reasonably sufficient" to support the ALJ's conclusion. See Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181, 184 (1st Cir. 1998).

**B.   Application**

Castillo complains that the ALJ erred in denying her claim for benefits because: 1) her RFC does not meet the requirements of her past work as a medical secretary and school secretary and 2) the assessment of her RFC did not account for numerous severe physical and mental impairments.

The Commissioner responds that the ALJ properly denied Castillo's claim for benefits because substantial evidence

supports the conclusion that Castillo was not disabled within the meaning of the Act during the relevant work period.

### 1. Ability to Perform Past Relevant Work

Castillo contends that her RFC to perform "light work" prevents her from meeting the requirements of her past work as a medical secretary and school secretary.

First, she asserts that her past job as a school secretary required her to lift objects between 25 and 50 pounds, exceeding her RFC to lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently. Plaintiff's contention is unavailing. The ALJ concluded that Castillo's limitations did not significantly impede her functional abilities and, therefore, would not preclude sustained work activity. Tr. 40-44.

Even if Castillo's RFC prevents her from working as a school secretary, the evidence supports the conclusion that she could work as a medical secretary because the job requires her to lift only 10 pounds frequently. Tr. 88-90; see also Gray v. Heckler, 760 F.2d 369, 372 (1st Cir. 1985) ("[A] claimant does not make a prima facie showing of disability merely by establishing that she cannot return to a particular prior job. Rather, the claimant must establish an inability to return to her former *type* of work."). Furthermore, the ALJ relied heavily on the opinion of the VE to assess the effect of Castillo's

-8-

exertional and non-exertional limitations on her ability to perform past jobs and other occupations in the national economy. Tr. 44-45, 66-73. Accordingly, the ALJ's assessment was supported by substantial evidence.

Second, Castillo argues that she is unable to meet the requirements of her past jobs because she cannot communicate in English. In support of her position, she relies on the Department of Labor's Dictionary of Occupational Titles ("DOT") to demonstrate that the positions of medical secretary and school secretary require knowledge of the English language. Castillo further asserts that the ALJ should have assessed her current ability to perform those jobs even though she had previously done so without fluency in English.

The DOT only describes occupations as generally performed, however, and does not list a range of requirements for each occupation in specific settings. SSR 004-p. A claimant is deemed capable of performing past relevant work if her RFC allows her to do the job "either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). Here, although Castillo does not speak English, she admits that she was able to perform both of the jobs that she now claims an inability to

perform. Therefore, substantial evidence supports the ALJ's finding that she is capable of performing her past jobs.

Finally, Castillo asserts that the Decision was deficient under SSR 82-62 because it did not develop and fully explain the determination that Castillo's RFC allows her to perform past relevant work. Specifically, Castillo contends that the Decision did not provide a rationale that followed an orderly pattern or identified how particular evidence led to the ALJ's conclusion. Castillo also submits that the Decision did not describe the weight attributed to pertinent medical and nonmedical factors or include findings of fact as to the physical and mental demands of her prior employment.

To the contrary, the Decision is consistent with SSR 82-62 and is supported by the available evidence. The ALJ relied on the VE's opinion and the evidence of record in concluding that Castillo was physically and mentally capable of performing past jobs as a medical secretary and school secretary as well as other jobs in the national economy. Tr. 66-73, 84-91. Furthermore, in determining Castillo's RFC, the ALJ attributed great weight to the opinions of medical consultants Dr. Brenda Concepcion and Dr. Doris M. Iturrino. Tr. 44. The ALJ also noted that, although generally more weight is attributed to a claimant's treating sources, the record in the instant case was

devoid of evidence indicating that Castillo is disabled or possesses limitations greater than those found in the Decision. Id. Accordingly, there is adequate support in the record for the ALJ's findings and conclusion that Castillo can perform past relevant work with her assigned RFC.

### 2. RFC Assessment and Subsequent Evaluation

Castillo also asserts that the ALJ ignored other relevant severe impairments when assessing her RFC, leading to erroneous conclusions at steps four and five of the sequential evaluation.

First, Castillo claims that the ALJ ignored or failed to discuss medical evidence proving that she suffers from certain severe physical and mental impairments, including, inter alia, diabetes mellitus type 2, anxiety and major depressive disorder. That contention is without merit. In step two of the sequential evaluation, the ALJ explicitly cited and considered most of the medical evidence of record and Castillo's testimony in concluding that the alleged impairments were not severe. Tr. 39-40, 55-66. Furthermore, in determining Castillo's RFC and proceeding through step four, the ALJ again considered all alleged impairments, including those it concluded were non-severe, and referenced most of the medical evidence of record. Tr. 40-45. Therefore, the ALJ's assessment was supported by substantial evidence.

Castillo also argues that both the RFC assessment and the subsequent determination that she is capable of performing past relevant work were improper because the ALJ did not identify her functional limitations and assess her work-related abilities on a function-by-function basis. Specifically, Castillo contends that the ALJ did not account for how her mental and emotional conditions diminished her ability to perform work.

This Court disagrees. The ALJ is responsible for "weighing conflicting evidence, where reasonable minds could differ as to the outcome." Seavey, 276 F.3d at 10. In so doing, the ALJ may rely upon factors such as a vocational expert's knowledge, expertise and prior experience. Purdy v. Berryhill, 887 F.3d 17, 14 (1st Cir. 2018). At step two, the ALJ discussed Castillo's mental treatment and diagnosis, concluding that the evidence of record did not identify any signs or symptoms that would prevent Castillo from engaging in meaningful work. Tr. 40. Castillo's testimony also reveals that the ALJ considered her mental and emotional conditions, including her psychiatric hospitalization. Tr. 62. Finally, the colloquy with the VE demonstrates that the ALJ considered hypothetical scenarios based on Castillo's specific RFC and her alleged mental limitations. Tr. 69-70, 72-73. Accordingly, Castillo's RFC assessment and the determination regarding her ability to perform past jobs were supported by substantial evidence because the ALJ either made a

common-sense judgment based on the record or relied on the VE's opinion. See Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 17 (1st Cir. 1996) (noting that an ALJ may not interpret medical evidence unless a common-sense judgment can be made without the involvement of a physician).

## ORDER

In accordance with the foregoing, the decision of the Commissioner to deny plaintiff's application for disability benefits is **AFFIRMED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 20, 2020